SULLIVAN AND HYMAN, EXECUTORS, &c., APPELLANTS, VS.
HONACKER, APPELLEE.

1. In a suit by executors or administrators, who have obtained their letters testamentary or of administration in another State, it is error to instruct the jury that the plaintiffs cannot recover without producing the probtae of the will, or letters of administration duly obtained, &c., and properly authenticated.

2. Whether such letters have been duly obtained or not, is a question to be settled in another stage of the case.

3. Whether they are properly authenticated or not, is a quesiton for the Court, not the Jury.

4. Every executor or administrator, when he sues *as such*, should make profert of his letters testamentary or of administration.

5. The defendant by craving oyer of the letters and putting in the proper plea, may avail himself of the want of title of such plaintiff to sue.

6. By pleading the general issue *only*, he waives all objections to such letters, and admits the plaintiff's right to sue *as such* executor or administrator.

7. The omission of the profert when necessary, is now aided, unless the defendant demurs specially for the defect.

Appeal from Escambia Circuit Court. The opinion of the Court contains a full statement of the facts of this case, to which reference is made.

*S. A. Leonard,* for Appellants.

*D. Jordan,* for Appellee.

DOUGLAS, J.

This is an action of assumpsit instituted in the Circuit Court for Escambia County, by the appellants as executors, &c., of John Henley, deceased, against the appellee, to recover the amount of an open account. The declaration is in the usual form, concluding with a profert of the

letters testamentary, under which they claimed to act. The defendant put in a plea of the general issue, and the case was submitted to a jury, "who being duly chosen and sworn after hearing the evidence and argument of counsel, returned a verdict for the defendant, upon which judgment was entered, "that the said plaintiffs take nothing by their suit, &c., from which judgment the plaintiffs have appealed to this Court.

The following bill of exceptions appears in the record, viz : "Be it remembered that on the trial of this cause, the Court instructed the jury that it appearing upon the trial that the plaintiffs are foreign executors, they cannot maintain this suit as such executors, without producing the probate of the will duly obtained in the State where said will was admitted to probate, and properly authenticated, under the act of Congress of the 26th of May, 1790. To which opinion of the Court the plaintiffs by their counsel excepted, &c., and allege it as error here. Our statute, Thomp. Dig., p. 349, sec. 7, Duval Comp., 105, declares that " executors and administrators who shall produce probate of wills or letters of administration, duly obtained in any of the States or Territories of the United States, and properly authenticated under the act of Congress of the 26th of May, 1790, shall be authorized to maintain actions in the several Courts of this State, under the same rules and regulations as other plaintiffs."

The question presented for our consideration, is whether the Court erred in giving the instruction set forth in the bill of exceptions, to the jury. We think it did. Whether the letters testamentary, under which the plaintiffs profess to act, had been duly obtained or not, was one to be

settled in another stage of the case ; whether they were duly authenticated under the act of Congress referred to or not, was a question for the Court and not the jury. The plaintiffs, it will be observed, made profert of their letters testamentary. If the defendant entertained any doubt whether they had such letters, or if they had, whether they had been properly obtained or not, his proper course would have been to crave oyer of the letters testamentary. If they had not been produced, that would have put an end to the suit. If they had been produced, and were not properly authenticated according to the act of Congress referred to, the Court would have ruled them out, and the plaintiffs must have been nonsuited. If they were properly authenticated, but the defendant had been advised that they had been unduly obtained, or that for any other cause they had no right to institute suit, he could have availed himself of their want of title, by putting in the proper plea. He however, elected to fill the " general issue" only, by doing which he waived all objections to the letters testamentary, and admitted the right of the plaintiffs to sue *as* executors. 1 Chitty on Pl. Ed., 1840, p. 489, and authorites there cited. Our statute was intended to place foreign executors and administrators, mentioned in it, with respect to the institution and maintainance of suits in our Courts, upon the same footing as executors or administrators who had obtained their letters testamentary or of administration in this State, whenever they should produce such letters duly obtained and properly authenticated.

Every executor or administrator, wherever his letters may have been obtained, should make profert of them.—

Chitty on Pl. vol. 1, Ed., 1840, p. 420, says: "In an action at the suit of an executor or administrator, immediately after the conclusion of his declaration "to the damage, &c.," and before the pledges, it was always the course to make a profert of the letters testamentary, or letters of administration." But he adds, the omission of the profert when necessary, is now aided, unless the defendant demurs specially for the defect, citing 4 and 5 Ann, chapter 16, section 1, which is in force here by our statute, adopting the common law of England, and certain British statutes. Thomp. Dig., p. 21, No. 2.

And here it may not be amiss to remark that by the new rules, "in all actions by and against executors or administrators, or persons authorized by statute to sue or be sued as nominal parties, the character in which the plaintiff or defendant is stated on the record to sue or be sued, shall not in any case be considered as in issue, unless specially pleaded." 1 Fla. R., general rules, No. 22.

Considering that the Court below erred in its charge to the jury, above set forth, and that such charge may have materially influenced their verdict, the judgment must be reversed and the cause remanded to that Court for further proceedings, not inconsistent with this opinion.