Dothan Coffin and Casket Company, a Corporation, *Plaintiff in Error,* v. W. S. Whiddon, *Defendant in Error.*

Division A.

Opinion Filed July 15, 1927.

*Davis & Pepper,* for Plaintiff in Error;

T. J. SWANSON, for Defendant in Error.

ELLIS, C. J.—The plaintiff in error brought an action against the defendant in error in the Circuit Court for Taylor County. The declaration was in five common counts as follows: For goods "bargained, sold and delivered"; for money loaned, money paid by plaintiff to the use of defendant; money had and received; and account stated.

There were three pleas: First, never was indebted; second, satisfaction and discharge; third, payment by promissory note. The case was tried on the issues presented by the pleas.

When the evidence offered by the plaintiff was submitted the defendant moved for an instructed verdict upon the ground that the party named in the case as plaintiff was not capable of maintaining the cause at the time of trial. "The court intimated and announced its intention to grant the motion," whereupon the plaintiff took a non-suit with writ of error and bill of exceptions.

The evidence was sufficient to go to the jury on the issues made by the pleas. There was no effort on the part of the defendant to support the second and third pleas while the evidence was sufficient to support the first count.

The plea of never was indebted admitted the capacity of the plaintiff to bring the action. See Sullivan v. Honacker, 6 Fla. 372; Rule 57—64 Rules of Circuit Court, Law Actions; 3 Thompson on Corporations (Second Ed.), Sec. 3224.

There was evidence developed on cross-examination of a witness for the plaintiff that the corporation in January, 1925, which was several months before the action was begun ''did cease to exist and did cease to do business, and upon ceasing to do business, the said Dothan Coffin and Casket Company, a corporation, did authorize C. J. Faulk to wind up its affairs and to collect and settle all of the accounts and outstanding indebtedness of the said corporation, and to such other and further things as were necessary to wind up the affairs of the said corporation.''

Aside from the fact that the evidence was addressed to no issue before the Court, it was not sufficient to show that the corporation had become legally non-existent.

The judgment is reversed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.